IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 12-10059-EFM

WILLIE SCUDERI,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Compassionate Release from Custody (Doc. 28). He seeks early release from prison due to having underlying health conditions that make him susceptible to contracting COVID-19. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.    Factual and Procedural Background

On June 8, 2012, Defendant pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On September 10, 2012, Defendant was sentenced to 120 months of imprisonment. On June 15, 2020, Defendant filed a cursory motion referencing

compassionate release.[1]  The government opposes Defendant's motion asserting that Defendant presents no valid reasons for release.  Defendant filed a reply asserting that he has several medical conditions, including kidney failure, elevated white blood cells, and other ailments.[2]  He asserts that his medical ailments, combined with several positive COVID test results in the prison in which he is located, demonstrate extraordinary and compelling reasons justifying a compassionate release.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act.  Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic.  Under 20-8, the FPD has fifteen days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID.  Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[3]  It allows defendants to seek early release from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed

---

[1] Defendant also briefly references that his conviction under § 922(g) no longer qualifies as a crime.

[2] His reply was untimely, but the Court will still consider it.  Defendant includes a medical record from an August 2016 hospital visit.

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[4] The administrative exhaustion requirement is jurisdictional and cannot be waived.[5]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[6] Finally, the Court must ensure that any reduction in Defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[7]

### III.   Analysis

---

[4] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[5] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[6] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[7] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

Defendant seeks early release pursuant to § 3582(c)(1)(A). The government asserts that Defendant does not present extraordinary or compelling reasons warranting release. The Court agrees.

**A.   Exhaustion**

Though Defendant does not explicitly address the exhaustion requirement and whether he received a response from the Warden, the government admits that Defendant meets the exhaustion requirement. Records provided by the BOP show that Defendant's request for compassionate release was rejected by the Warden at FCC Pollock on June 5, 2020. Thus, this Court has jurisdiction to decide his motion.

**B.   Extraordinary and Compelling Reasons**

Having determined that Defendant exhausted his administrative remedies, the Court next evaluates whether he demonstrates that extraordinary and compelling reasons exist warranting compassionate release. Defendant asserts that his medical ailments of kidney failure and other "low cell counts" would be impacted by the contraction of COVID-19. Although the Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of contracting COVID-19 may be higher due to his underlying health conditions, he does not show a relatively high risk. There is no widespread outbreak at the facility in which Defendant is housed. Furthermore, the BOP has implemented procedures to control outbreaks. The Court recognizes the concerns and risks of COVID-19, but the mere presence of it at the facility does not justify a compassionate release, particularly when the BOP already has procedures in place to minimize the risks.[8]

---

[8] The Court recognizes that these procedures may not work at all times, or in all facilities, but there is no indication that they are not working where Defendant is currently incarcerated.

Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons warranting compassionate release.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release from Custody (Doc. 28) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 2nd day of September, 2020.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE