# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 12-10059-EFM

WILLIE SCUDERI,

*Defendant.*

## MEMORANDUM AND ORDER

Petitioner Willie Scuderi has three motions before the Court (Docs. 32, 41, 42).   All motions seek to vacate his sentence due to the United States Supreme Court's ruling in *Rehaif v. United States*.[1]   For the reasons provided in more detail below, the Court denies Petitioner's motions.

## I.      Factual and Procedural Background

On June 8, 2012, Petitioner Willie Scuderi pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[2]  On September 10, 2012, the Court sentenced Petitioner to 120 months' imprisonment followed by three years of supervised release. Petitioner did not appeal or file any motions until 2020.

---

[1] --- U.S. ---, 139 S. Ct. 2191 (2019).

[2] Petitioner pleaded guilty before Judge Belot. This case was transferred to the undersigned in February 2020.

Petitioner now has three motions before the Court. The Court has construed two of his motions as Motions to Vacate under 28 U.S.C. § 2255 (Docs. 32, 41) and one as a Motion to Appoint Counsel (Doc. 42). All three motions contend that Petitioner's sentence should be vacated due to the ruling in *Rehaif*. The government asserts that Petitioner's motion is untimely because *Rehaif* does not apply retroactively.

## II.      Legal Standard

Under 28 U.S.C. § 2255(a),

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In addition, pursuant to 28 U.S.C. § 2255(f), a federal prisoner has one year to file a § 2255 motion for relief. The limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[3]

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[4]  The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[5]  An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[6]

Finally, Petitioner appears pro se.  Therefore, his pleadings are to be construed liberally and not held to the standard applied to an attorney's pleadings.[7]  If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, a court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[8]  It is not, however, "the proper function of the district court to assume the role of advocate for the pro se litigant."[9]

---

[3] 28 U.S.C. § 2255(f).

[4] 28 U.S.C. § 2255(b).

[5] *See Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[6] *See id.* (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[7] *Hall v Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[8] *Id.*

[9] *Id.*

For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[10]

### III.    Analysis

Petitioner's motion is not timely under § 2255(f).  Petitioner's judgment of conviction became final in 2012.  He filed the instant motions in 2020—more than eight years later.  Thus, Petitioner's motions are untimely under § 2255(f)(1).

Sections 2255(f)(2) and (f)(4) also do not offer Petitioner any relief.  As to § 2255(f)(2), Petitioner does not allege, and the facts do not support, that an unconstitutional practice prohibited him from accessing the Court to challenge his sentence.  As to § 2255(f)(4), Petitioner states that he has newly discovered evidence, and that evidence is the United States Supreme Court's *Rehaif* ruling.  This ruling, however, is not the type of evidence or facts that fall under § 2255(f)(4).[11]

Section 2255(f)(3) is the only provision that could afford Petitioner relief.  This provision provides that the one-year limitation period begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  The Supreme Court decided *Rehaif* on June 21, 2019.[12]  For the limitation period to begin running on this date, however, "*Rehaif* must have newly recognized a right *and made this right retroactively available to cases on collateral review*."[13]

---

[10] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[11] *See Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) (noting that "*Rehaif*'s change in statutory interpretation cannot be considered 'newly discovered evidence.' ").

[12] One of Petitioner's § 2255 motions was filed in February 2020 (Doc. 41).  The other two motions were filed in July and August 2020 (Docs. 42, 32).

[13] *United States v. Ingram*, 2020 WL 6078151, at *2 (D. Kan. 2020) (emphasis added).

The Tenth Circuit Court of Appeals and the Supreme Court "have not squarely addressed whether *Rehaif* retroactively applies to cases on collateral review."[14]  However, "non-retroactivity is the 'uniform view of . . . courts of appeals that have addressed this question.' "[15]  Specifically, the Second Circuit held that "[t]he Supreme Court's decision in *Rehaif* involved only a question of statutory interpretation and thus did not announce a new rule of constitutional law within the meaning of 28 U.S.C. § 2255[]."[16]  Thus, because *Rehaif* is not retroactively available on collateral review, Petitioner's motions cannot be timely under § 2255(f)(3) either.  Accordingly, Petitioner's § 2255 motions are untimely.

The Court makes one final note.  One of Petitioner's motions has been construed as a Motion to Appoint Counsel.  In this motion, it is not clear whether Petitioner is requesting the appointment of counsel to argue that *Rehaif* is retroactive to his case or is asserting that his counsel was ineffective at the time of his plea.  To the extent that Petitioner is requesting counsel, there is no constitutional or statutory right to the appointment of counsel beyond the direct appeal of a criminal conviction.[17]  To the extent that Petitioner is asserting that his counsel was ineffective at the time of Petitioner's plea, his claim is untimely.

---

[14] *Id.*

[15] *Id.* (citing *Mata v. United States*, 969 F.3d 91, 94 (2d Cir. 2020)); *see also In re Price*, 964 F.3d 1045, 1049 (11th Cir. 2020) ("*Rehaif* did not announce a new rule of constitutional law and, even if it did, it has not been made retroactive to cases on collateral review by the Supreme Court."); *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) ("*Rehaif* did not state a rule of constitutional law at all."); *Khamisi-El*, 800 F. App'x at 349 ("The rule stated in *Rehaif* is a matter of statutory interpretation, not a new rule of constitutional law.") (quotation marks and citation omitted).

[16] *Mata*, 969 F.3d at 94.  The Second Circuit addressed the question of *Rehaif*'s retroactive application in the context of a successive § 2255 brought under § 2255(h).  In this case, Petitioner brings his first § 2255.

[17] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (citation omitted).

An evidentiary hearing is not necessary on Petitioner's motions because Petitioner's allegations are not supported by the record.  Petitioner does not provide the Court with a basis for vacating his sentence.  Accordingly, Petitioner's § 2255 motions are without merit and are denied.

### IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[18]  A petitioner satisfies this burden if " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' "[19]  For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 32) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 41) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel (Doc. 42) is **DENIED**.

---

[18] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA.  *See* 28 U.S.C. § 2253(c)(1).

[19] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).

**IT IS SO ORDERED**.

Dated this 25th day of November, 2020.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE