IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

                                     Case No. 12-10059-EFM

WILLIE SCUDERI,

    *Defendant.*

**MEMORANDUM and ORDER**

This matter comes before the Court on Defendant's second Motion for Compassionate Release from Custody (Doc. 37). He seeks early release from prison due to the COVID-19 pandemic. The government opposes Defendant's motion.

On June 8, 2012, Defendant pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On September 10, 2012, Defendant was sentenced to 120 months' imprisonment. On June 15, 2020, Defendant filed his first motion referencing compassionate release and sought release from prison.[1] Defendant's motion was extremely

---

[1] Doc. 28.

cursory.[2] The government opposed Defendant's motion. In Defendant's reply, he asserted that he had several medical conditions, and there were positive COVID-19 cases in the prison in which he was housed.[3] The Court denied his motion finding that Defendant did not present an extraordinary or compelling reason for release because his medical conditions did not show relatively high risk of COVID-19 complications.[4] Furthermore, there was no widespread outbreak at the facility in which Defendant was housed, and the BOP had implemented procedures to control outbreaks.

Defendant is again before the Court seeking compassionate release based on the COVID-19 pandemic. His motion is conclusory, and he does not set forth any additional grounds warranting the Court's consideration or reconsideration for compassionate release. Thus, the Court denies Defendant's motion because Defendant cannot present an extraordinary or compelling reason for a reduction in sentence.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release from Custody (Doc. 37) is **DENIED**.

---

[2] Defendant also referenced *Rehaif v. United States*, --- U.S. ---, 139 S. Ct. 2191 (2019), as a basis for a sentence reduction. Defendant currently has pending § 2255 motions, and the Court will address Defendant's *Rehaif* argument in a separate order addressing those motions.

[3] District of Kansas Standing Orders 19-1 and 20-8 appoint the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act and brought on grounds related to the COVID-19 pandemic. The FPD declined to represent Defendant. In addition, the FPD declines to represent Defendant as to Defendant's second motion.

[4] Doc. 34.

**IT IS SO ORDERED**.

Dated this 25th day of November, 2020.

                                                                        ERIC F. MELGREN
                                                                        UNITED STATES DISTRICT JUDGE